UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MALIK WILLIAMS,** | ) |
| | ) |
| | ) Case No. |
| **Plaintiffs,** | ) |
| | ) Honorable Judge |
| v. | ) |
| | ) Jury Demand |
| **OFFICER OSBOURNE, OFFICER BROWN, OFFICER HOLLEY, OFFICER RICKY HEPP, and OFFICER JONES, Individually,** | ) ) ) ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, MALIK WILLIAMS, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., complaining against the Defendants, OFFICER OSBOURNE, OFFICER BROWN, OFFICER HOLLEY, OFFICER JONES, and OFFICER RICKY HEPP, individually, states as follows:

**COUNT I— EXCESSIVE FORCE**

1. This action is brought pursuant to the law of the U.S. Constitution, specifically 42 U.S.C. § 1983. That jurisdiction is proper with this court pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

2. Plaintiff, MALIK WILLIAMS, is a resident of the State of Illinois.

3. That on or about February 26, 2021, the Plaintiff was in custody of the Illinois Department of Corrections and housed at Menard Correctional Center.

4. That at all times relevant, Defendants OFFICER OSBOURNE, OFFICER BROWN, OFFICER HOLLEY, OFFICER JONES, and OFFICER RICKY HEPP were acting as employees/agents of the Illinois Department of Corrections.

5. On or about February 26, 2021, the Plaintiff, MALIK WILLIAMS, was on a continuous crisis watch.

6. At one point MALIK WILLIAMS did not want to exit his cell out of fear and asked for a lieutenant.

7. The Plaintiff warned the inmates in cells near him to witness what he was fearing.

8. The Defendants, OFFICER OSBOURNE, OFFICER BROWN, OFFICER HOLLEY, OFFICER JONES, and OFFICER RICKY HEPP and others, put on their riot gear with shields and approached Plaintiff's cell.

9. Viewing what was happening, the Plaintiff laid down on his stomach and placed his hands behind his back.

10. The act of laying on his stomach and placing his hands behind his back demonstrated the Plaintiff's passivity and submissiveness.

11. Upon entering his cell, one or more of the Defendants attacked the plaintiff, MALIK WILLIAMS, slamming their shields down upon his head continuously.

12. The Plaintiff did not resist being handcuffed.

13. The Plaintiff did not fight back by striking or punching the Defendants.

14. The Plaintiff, MALIK WILLIAMS, was injured and suffered from those injuries.

15. The Plaintiff did nothing to provoke said use of force.

16. The aforesaid use of force by Defendants OFFICER OSBOURNE, OFFICER BROWN, OFFICER HOLLEY, OFFICER JONES, and OFFICER RICKY HEPP was excessive, unprovoked, and unreasonable.

17. The actions and inactions of the Defendants were intentional, willful, and wanton.

18. Said actions violated the Plaintiff's Eighth Amendment rights and were in violation of said rights as enforced by 42 U.S.C. §1983.

19. That as a direct and proximate result of the actions of the Defendants, the Plaintiff suffered injuries and continues to suffer fear, emotional distress, anxiety, pain and suffering, permanent injury, and future pain and suffering.

**WHEREFORE**, the Plaintiff, MALIK WILLIAMS, prays that this Honorable Court enter judgment against the Defendants, OFFICER OSBOURNE, OFFICER BROWN, OFFICER HOLLEY, OFFICER JONES, and OFFICER RICKY HEPP jointly and severally, in an amount of reasonable in compensatory damages and for punitive damages, plus attorney's fees and costs.

## COUNT II—FAILURE TO INTERVENE

1-19. The Plaintiff, MALIK WILLIAMS hereby re-alleges and incorporates his allegations of paragraphs 1-19 of Count I as his respective allegations of paragraphs 1-19 of Count II as though fully set forth herein.

20. One or more of the Defendants, OFFICER OSBOURNE, OFFICER BROWN, OFFICER HOLLEY, OFFICER JONES, and OFFICER RICKY HEPP was/were nearby, witnessed the use of excessive force against MALIK WILLIAMS, had a realistic opportunity to do something to prevent the Plaintiff from being attacked, and failed to intervene.

21. The actions and inactions of the Defendants constituted a violation of MALIK WILLIAMS's Eighth and Fourteenth Amendment rights as enforced by 42 U.S.C. §1983.

22. As a result of the actions and inactions of the Defendants, the Plaintiff, MALIK WILLIAMS, suffered fear, serious injuries, anxiety, pain, suffering, emotional distress, permanent injuries and future pain and suffering.

**WHEREFORE**, the Plaintiff, MALIK WILLIAMS prays for judgment in his favor and against the Defendants, OFFICER OSBOURNE, OFFICER BROWN, OFFICER HOLLEY, and OFFICER RICKY HEPP jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT III – BATTERY/ ILLINOIS LAW

1-22. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 3-22 of Count II as his respective allegations of paragraphs 3-22 of Count III as though fully set forth herein.

23. The Defendants physically attacked and beat the Plaintiff and initiated such contact.

24. The actions of the Defendants constituted a battery under Illinois law.

25. As a result of the actions of the Defendants, the Plaintiff suffered fear, pain, suffering, monetary loss, expense, and permanent injuries.

WHEREFORE, the Plaintiff, MALIK WILLIAMS, prays for judgment against the Defendants, OFFICER OSBOURNE, OFFICER BROWN, OFFICER HOLLEY, and OFFICER RICKY HEPP, for reasonable compensatory damages, and punitive damages.

### JURY DEMAND

Plaintiff MALIK WILLIAMS prays for trial by jury.

Respectfully submitted,
MALIK WILLIAMS

By: _____

Gregory E. Kulis

Gregory E. Kulis (Atty. No. 6180966)
Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602-3368
p. (312) 580-1830 / f. (312) 580-1839
e. gkulis@kulislawltd.com
e. service@kulislawltd.com